IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDUARDO ANGEL HERNANDEZ,<br>    ID # 59354-177,<br>        Movant, | §<br>§<br>§<br>§ | |
| | § | No. 3:21-CV-2237-M-BK |
| v. | § | No. 3:19-CR-526-M(1) |
| | § | |
| UNITED STATES OF AMERICA,<br>        Respondent. | §<br>§<br>§ | |

### MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the final *Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C* [sic] *2255*, received on December 8, 2021 (doc. 10), is **DENIED** with prejudice.

### I.   BACKGROUND

Eduardo Angel Hernandez (Movant) challenges his federal conviction and sentence in Cause No. 3:19-CR-526-M(1). The respondent is the United States of America (Government).

**A.   Conviction and Sentencing**

After first being charged by complaint, Movant was charged in a two-count indictment with conspiracy to possess with intent to distribute a controlled substance (Count One) and possession with intent to distribute a controlled substance (Count Two). (*See* docs. 1, 24.)[1] On February 11, 2020, he pled guilty to Count Two of the indictment under a plea agreement. (*See* docs. 40, 48.)

In his plea agreement, Movant agreed that he understood the nature and elements of the crime to which he was pleading guilty, and that the factual resume he signed was true and would

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:19-CR-526-M(1).

be submitted as evidence. (*See* doc. 40 at 1-2.) The plea agreement set out the minimum and maximum penalties for Count Two; it stated that Movant had reviewed the federal sentencing guidelines with counsel and he understood his sentence would be imposed by the court after consideration of the sentencing guidelines, which were advisory and not binding, and no one could predict with certainty the outcome of the court's consideration of the guidelines. (*See id.* at 2-3.) He understood that the court had sole discretion to impose the sentence. (*See id.* at 3.) He agreed the guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement; there were no guarantees or promises from anyone about what his sentence would be. (*See id.* at 6.)

At his re-arraignment hearing on February 11, 2020, Movant, through a Spanish-to-English interpreter placed under oath to translate the proceedings for him, acknowledged under oath that he had the written materials in the case translated for him. (*See* doc. 92 at 3.) He affirmed he had reviewed the plea agreement, plea agreement supplement, and factual resume with counsel before he signed them, he understood and had committed each of the essential elements of Count Two, and the facts stated in his factual resume were true and correct. (*See id.* at 6, 9-11.) He also affirmed he had discussed the sentencing guidelines with counsel and acknowledged that the guidelines were only advisory; he understood the court could calculate his guidelines and subject him to a sentence different from what he expected. (*See id.* at 11-12.) He affirmed that the plea documents represented his entire agreement with the Government and that no one had threatened or in any way attempted to force him to plead guilty or accept the plea agreement. (*See id.* at 6-7.) He acknowledged that by pleading guilty, he was facing a period of imprisonment not to exceed 20 years. (*See id.* at 9-10.) He pled guilty to Count Two, and the court found that his guilty plea was knowing and voluntary. (*See id.* at 14; docs. 53, 61.)

For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR). (*See* doc. 57-1.) Based on a total offense level of 39 and a criminal history category of I, the PSR calculated a guideline imprisonment range of 262 to 327 months. (*See id.* at ¶ 54.) Because 240 months was the statutory maximum sentence for Count Two, it became the guideline imprisonment range. (*See id.*) At Movant's sentencing hearing, the court granted the Government's motion for a downward departure from the guideline imprisonment range. (*See* doc. 70; doc. 90 at 13, 16-17.) By judgment dated September 21, 2020, the court imposed a below-guidelines sentence of 180 months' imprisonment on Count Two, to be followed by three years of supervised release. (*See* doc. 80 at 1-3.) Movant did not appeal his conviction or sentence.

**B.     Substantive Claims**

Movant's first and second § 2255 motions were received on September 20, 2021, and September 21, 2021, respectively. (*See* No. 3:21-CV-2237-M-BK, docs. 1, 4.) On October 5, 2021, the court received Movant's motion seeking additional time to file a memorandum in support of his § 2255 motions. (*See id.*, doc. 8.) By order dated October 7, 2021, the motion was construed as a motion for an extension of time to file a final amended complaint, and Movant was ordered to file, within 60 days of the order, a final amended § 2255 motion setting forth all the claims he sought to assert in this habeas action, regardless of whether he previously asserted them in his prior § 2255 motions, or whether they were new grounds for relief. (*See id.*, doc. 9.) The order expressly stated that the court took no position on whether any new claims would relate back to the filing of the original § 2255 filings. (*See id.*)

On December 8, 2021, Movant's final § 2255 motion was received. (*See id.*, doc. 10.) It asserts the following grounds for relief:

3

(1) Whether [Movant] Entered a Voluntary, Knowingly, and Intelligently [sic] Plea Agreement with sufficient legal advice by his counsel[;]

(2) Counsel Rendered Ineffective Assistance by Not Properly Challenging the Firearms Enhancement. . . [;]

(3) Whether [Movant's] Counsel Rendered Ineffective Assistance by Failing to Translate or Request the Translation of His Actual Plea Agreement Document to [Movant's] Primary Language[;]

(4) Whether Trial counsel render [sic] ineffective assistance by not challenging that the sentence was disproportionate and in disaccord to the 18 U.S.C [sic] 3553 general principles[;]

(5) Whether Counsel Rendered Ineffective Assistance For Not Preparing a Sentencing Memorandum In [Movant's] Case[;]

(6) Whether Counsel Rendered Ineffective Assistance for Not Moving For a Mitigating Departure or Role Adjustment Because [Movant] Was Under Someone's Command and Worked For Someone In Mexico Not on His Own[; and]

(7) Whether Counsel Render [sic] Ineffective Assistance By Not Challenging The Drug Purity and Quantity Analysis Under Bullcoming v. New Mexico, 131 S.Ct. 2705 (2011).

(*Id.*, doc. 10 at 6, 9, 11, 14-15, 17, 20.) The Government filed a response on March 22, 2022. (*See id.*, doc. 18.) Movant did not file a reply.

## II.   SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also*

4

*United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III. TIMELINESS

The Government contends that the second through seventh grounds for relief in Movant's final § 2255 motion are untimely. (*See* No. 3:21-CV-2237-M-BK, doc. 18 at 13-15.)

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). Here, Movant's one-year limitations period began to run on October 5, 2020, the date his conviction became final after the expiration of the fourteen-day period for appealing his criminal judgment.[2] *See* 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). He therefore had until October 5, 2021, to file a timely § 2255 motion. Approximately two months after his limitations period expired, Movant filed his final § 2255 motion, in which he raised new grounds for relief based on the alleged ineffective assistance of counsel. (*See* No. 3:21-

---

[2] Section 28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) The date on which the judgment of conviction becomes final;
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant fails to allege or show that government action prevented him from filing a § 2255 motion earlier or the existence of any right newly recognized by the Supreme Court, and the facts supporting his claims became known or could have become known through the exercise of due diligence prior to the date his conviction became final. The applicable limitations period is therefore not determined under subsections (2)-(4).

CV-2237-M-BK, doc. 10.) His new claims are therefore untimely unless they relate back to his timely § 2255 motions, or he can demonstrate that equitable tolling or an exception to the limitations period applies.

Rule 15 of the Federal Rules of Civil Procedure provides for the relation back of amendments filed after the expiration of the limitations period to the date of the original pleading when the claim asserted in the proposed amended pleading arises out of the same conduct, transaction, or occurrence. *See* Fed. R. Civ. P. 15(c)(1); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (recognizing that Rule 15 applies in § 2255 proceedings). Habeas claims do not automatically arise out of the same occurrence for purposes of Rule 15 merely because they arise out of the same trial and conviction, however. *See Mayle v. Felix*, 545 U.S. 644, 650, 661-64 (2005) (holding that an amended habeas petition under 28 U.S.C. § 2254 "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). Moreover, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision. Rather, [courts] must look to whether [the movant's] new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (quoting *Mayle*, 55 U.S. at 650).

Movant's timely § 2255 motions generally alleged that his guilty plea was not knowing and voluntary because trial counsel induced him to plead guilty by providing him improper and incorrect advice about his sentence exposure.[3] (*See* No. 3:21-CV-2237-M-BK, doc. 1 at 5; *id.*, doc.

---

[3] As discussed, the October 7, 2021 order directed Movant to file a final amended § 2255 setting forth all the claims he sought to assert in this habeas action, regardless of whether he previously asserted them in his prior § 2255 motions, or whether they were new. (*See* No. 3:21-CV-2237-M-BK, doc. 9.) Accordingly, to the extent Movant's first and second § 2255 motions raised claims not included in his final § 2255 motion, such claims have been abandoned and

4 at 4.) In the third ground of his final § 2255 motion, Movant contends that trial counsel was ineffective during the plea proceedings when he failed to translate, or request a translation of, the plea agreement into Spanish. (*See id.*, doc. 10 at 11-12.) He alleges that he confronted counsel about the issue, and counsel "advised him to trust him, that by signing such document he ensured that he would receive a sentenced [sic] to less than 10-years [sic], that the plea agreement document was only part of the process and not as important, considering the circumstances." (*Id.*, doc. 10 at 12.) Movant argues that "[w]ithout the actual document translated into Spanish, and without an interpreter present during the introduction of such a critical document, [Movant] was inhibited from comprehension of the proceedings or rights waived or the sentencing exposure[.]" (*Id.*; *see also id.*, doc. 10 at 13-14.) Because this ground pertains to Movant's understanding of the plea agreement based on counsel's alleged representations about his sentence exposure, it appears to involve the same operative facts underlying his timely claim challenging the voluntariness of his guilty plea based on counsel's representations about his sentence exposure. It therefore relates back to his timely § 2255 motions and will be considered.

Movant's second, fourth, fifth, sixth, and seventh grounds, all of which relate to the alleged ineffectiveness of counsel during sentencing, differ in type from and do not arise out of the same "conduct, transaction, or occurrence set out—or attempted to be set out" in his timely § 2255 motions, however. *Gonzalez*, 592 F.3d at 679 (quoting Fed. R. Civ. P. 15(c)(1)(B)). As a result, they do not relate back to his timely claims; and Movant has failed to allege, much less demonstrate, any basis for equitably tolling the statute of limitations or an applicable exception to the statute of limitations. Accordingly, he cannot overcome the applicable limitations period, and his second, fourth, fifth, sixth, and seventh grounds for relief are denied as untimely.

---

are not considered.

### IV.     INVOLUNTARINESS OF GUILTY PLEA

In his first and third grounds, Movant contends that his guilty plea was not voluntary, knowing, or intelligent based on the ineffective assistance of counsel during the plea proceedings. (*See* No. 3:21-CV-2237-M-BK, doc. 10 at 6-9, 11-14.)

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Hernandez*, 234 F.3d 252, 254-55 (5th Cir. 2000). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea. . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Here, Movant's challenge to the voluntariness of his guilty plea is premised on the alleged ineffective assistance of counsel. He claims that trial counsel "insured [sic] that he could negotiate a sentence of between 5 and 10-years [sic]" if Movant pled guilty under the plea agreement. (No. 3:21-CV-2237-M-BK, doc. 10 at 6.) He complains that counsel "provided him only general advice

in entering his plea agreement and no advice in regard to the applicable law or his options[,]" "half fast [sic] translated some of the basic portions of his plea agreement in a general manner (charges that he was pleading to)," "failed to explain to him the exact penalty range that he faced and the consequences that he was exposed to[,]" "at no time explained to [Movant] of [sic] any possible sentencing enhancements including two levels for possession of a firearm[,]" and did not provide a Spanish translation of the plea agreement or "read his plea agreement in a more nuanced manner in Spanish." (*Id.*, doc. 10 at 6, 12.) According to Movant, he "entered his plea agreement under the perception that he was only exposed to less that [sic] 10-years [sic]." (*Id.*, doc. 10 at 6.) He alleges that the "key statement on which [he] focused was that his attorney told him to sign the plea agreement without analyzing it because [sic] under a promise that attorney could help him receive less than 10-years [sic]." (*Id.*, doc. 10 at 7; *see also id.*, doc. 10 at 9.) He contends that his "plea bargain was no bargain after all," and "the best option under the circumstances was for [him] to exercise trial[.]" (*Id.*, doc. 10 at 9.)

    The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. The court may address the *Strickland* prongs in any order, and a failure to establish either prong requires a finding that counsel's performance was constitutionally effective. *Id.* at 697; *see also Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To establish prejudice, a

9

movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

Even assuming for purposes of this motion only that counsel rendered deficient performance in representing Movant's sentence exposure and in not providing a Spanish translation of the plea agreement or further explaining the plea agreement in Spanish, as alleged, deficient performance alone is insufficient to show ineffective assistance of counsel. *Strickland* also requires a showing of resulting prejudice. In the context of a guilty plea, "the habeas petitioner must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004) (citation omitted). A court should not "upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017); *see also United States v. Guzman*, No. 19-10783, 2021 WL 4610124, at *3 (5th Cir. Oct. 6, 2021) (per curiam) (holding that a movant "must substantiate any preference to proceed to trial—if he had been properly advised on the sentence he was facing—with 'contemporaneous evidence,' not post hoc assertions.").

The record shows that, at his re-arraignment, Movant affirmed under oath before the court that he had the written materials in the case translated for him, the plea documents represented his entire agreement with the Government, and no one forced him to plead guilty or agree to the plea

agreement; he understood at the time he pled guilty that he was subject to a maximum sentence of imprisonment of 20 years (240 months), and that the court could calculate his guidelines and subject him to a sentence different from what he expected. (*See* doc. 92 at 3, 6-7, 9-12.) With this knowledge, he went forward with his guilty plea.

Movant has failed to overcome the presumption of verity given to his sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly). The contemporaneous plea documents and sworn statements in open court show that he was clearly informed about and understood his maximum sentence exposure when he pled guilty under the plea agreement, and they contradict his claim that his plea was involuntary or induced because he expected to be sentenced to less than ten years' imprisonment based on counsel's alleged misrepresentations. Further, regardless of what counsel told him regarding his sentence exposure and the non-Spanish contents of the plea agreement, he provides no facts or evidence beyond conclusory and *post hoc* allegations to show a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial in the absence of counsel's alleged deficiencies.[4] *See Lee*, 582 U.S. at 369. Movant fails to show he is entitled to habeas relief, and the claims are denied.[5]

---

[4] In his *post hoc* assertions that he received no benefit from the plea agreement and would have proceeded to trial, Movant ignores any additional sentencing exposure he would have faced had he proceeded to trial and been convicted under the indictment, which charged him with an additional count of conspiracy to possess with intent to distribute a controlled substance that the Government agreed to dismiss in exchange for his guilty plea to only Count Two. He also ignores the likelihood that he would have lost the three-level deduction and downward departure he received during the sentencing proceedings.

[5] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an

## V.  EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing before this court on any of his claims, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## VI.  CONCLUSION

For the foregoing reasons, the final *Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C* [sic] *2255*, received on December 8, 2021 (doc. 10), is **DENIED** with prejudice.

SO ORDERED.

SIGNED this 18th day of January, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

---

eyewitness to the promise." *Cervantes,* 132 F.3d at 1110 (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* When the movant's "showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in light of other evidence in the record," however, the court may dispense with his allegations without an evidentiary hearing. *Id.* Here, Movant has not provided evidence of the specific terms of any alleged promise, including where and when counsel made the promise that allegedly caused him to plead guilty, or identified any reliable eyewitness to the promise. He has accordingly failed to provide independent indicia of the merit of his claim. To the extent he argues that counsel promised he would receive a specific sentence, he has not demonstrated entitlement to an evidentiary hearing or to relief on this basis.

12